**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KEITH CAMPBELL,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. Action No. |
| § | 3:05-CV-2434-B |
| **JO ANNE B. BARNHART,** § | ECF |
| **Commissioner of the Social** § | Pro Se Plaintiff |
| **Security Administration,** § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and an Order of the District Court, this case has been referred to the United States Magistrate Judge. Defendant Commissioner of Social Security's ("Commissioner") Motion to Dismiss, filed March 14, 2006, is before the Court for recommendation. Additionally, the Court considers Plaintiff's "Motion to Strike [Defendant's Motion to Dismiss]," filed March 24, 2006, Defendant's "Response in Opposition to Plaintiff's Motion to Strike," filed April 11, 2006, and Plaintiff's "Motion for Summary Judgment," filed April 24, 2006. For the reasons that follow, the Court recommends that Defendant's motion to dismiss for lack of subject matter jurisdiction be GRANTED, that the case be DISMISSED with prejudice for lack of subject matter jurisdiction, and that all of the remaining pending motions be dismissed as moot.

**I. PROCEDURAL HISTORY**

On December 9, 2005, Plaintiff Keith Campbell ("Plaintiff") filed a Complaint alleging that the Commissioner of the Social Security Administration ("Commissioner") should have paid him Supplemental Security Income under Title XVI of the Social Security Act from February 25, 2000,

until January 4, 2001, when he was on worker's compensation disability. (Compl. at 1-11.) This case was originally filed as a civil rights action pursuant to 42 U.S.C. § 1983. Assuming the denial of supplemental security income could ever rise to the level of a § 1983 violation, it would, by analogy, be subject to the requirements of *Heck v. Humphrey,* 512 U.S. 477, 486- 87 (1994). Before Plaintiff could bring a civil rights suit complaining of the denial of benefits, a Federal Court would have had to reverse the Commissioner's decision denying him supplemental security income. Since the Commissioner's denial of benefits to Plaintiff has not been reversed, he cannot proceed pursuant to § 1983. Therefore, the Court considers the case to be an appeal from the Commissioner's decision denying him supplemental security income.

The Commissioner contends that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. Plaintiff responds that judicial review should be granted for the following reasons: (1) he exhausted his remedies under the Texas Worker's Compensation Statute, (2) he "tried the E.E.O.C. [Equal Employment Opportunity Commission] in Washington, D.C.," and (3) he "went through contract and compliance of Washington, D.C., for dispute resolution." (Compl. at Mem., p. 2.)

## II.   ANALYSIS

The statute which allows judicial review of the Commissioner's decisions provides in pertinent part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. § 422.210; *Brandyburg v. Sullivan,* 959 F.2d 555, 558 (5th Cir. 1992). The statute does not define the term "final decision;" rather it leaves

the meaning of the term to the Commissioner to explain by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The applicable regulation provides that a claimant must complete a four step process to obtain a final decision and qualify for judicial review. See 20 C.F.R. § 404.900(a). The Commissioner's explanation of the process to the claimant is as follows:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in 404.902, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council Review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal Court Review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in Federal District Court.

20 C.F.R. § 404.900(a).

The purposes of administrative exhaustion are: "(1) to avoid premature interruption of the administrative process; (2) to allow the agency to develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging parties to ignore its procedures." *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 n. 5 (5th Cir. 1999) (citing *McKart v. United States*, 395 U.S. 185, 193-

95 (1969)).[1]

The undisputed evidence in this case shows that Plaintiff filed an application for supplemental security income on August 15, 2003, which was denied.  On December 9, 2005, Plaintiff filed this civil action.  Plaintiff failed to fully exhaust his administrative remedies at step two of the administrative process.  He did not request review of the denial of his application and then request a hearing before an ALJ.  Plaintiff failed to obtain a "final decision" of the Commissioner and, consequently, judicial review of his case is foreclosed.  *See Brandyburg,* 959 F.2d at 560.  Dismissal with prejudice is required because further consideration at the administrative level is time barred.  *Id.*

Plaintiff's exhaustion of his administrative remedies under the Texas Worker's Compensation Statute, his attempts to contact the E.E.O.C., and his completion of a dispute resolution process are irrelevant.  The only way to challenge the denial of supplemental security income is to follow the procedure set out in 20 C.F.R. § 404.900(a).  Plaintiff does not raise a constitutional issue or any issue that would allow judicial review of this matter.  *See Califano,* 430 U.S. at 107-09.  The Court lacks subject matter jurisdiction in this proceeding.  Accordingly, this case must be dismissed with prejudice.  *See* 42 U.S.C. § 405(g).

### III.   **RECOMMENDATION**

---

[1] Although the need for exhaustion of administrative remedies has been well established, the United States Supreme Court has recognized that courts may excuse a claimant from exhausting his administrative remedies "in certain special cases." *Heckler v. Ringer*, 466 U.S. 602, 618 (1984). "Certain special cases" include claims that are "wholly 'collateral' to [a] claim for benefits, ... where [the claimant makes] a colorable showing that [his] injury could not be remedied by the retroactive payment of benefits after exhaustion of [his] administrative remedies." *Id.* A colorable constitutional claim also warrants judicial excusal of exhaustion. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977). None of these exceptions is present in this case.

The Court recommends that the Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED and that Plaintiff's case be DISMISSED with prejudice for lack of jurisdiction. The Court further recommends that Plaintiff's Motion to Amend/Correct Complaint, Motion to Compel, Motion to Produce, Motion to Strike, Motions to Appoint Counsel, and Motion for Summary Judgment be DENIED.

SO RECOMMENDED. May 15, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE